**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

ED VALLEJO,

    Plaintiff,

   v.

THE UNITED STATES,

    Defendant.

No. 25-1937
(Senior Judge Damich)

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pursuant to Rule 59(f) of the Rules of the United States Court of Federal Claims (RCFC) and the Court's order dated April 6, 2026, defendant, the United States, respectfully submits this response in opposition to the motion for reconsideration filed by *pro se* plaintiff, Ed Vallejo, ECF No. 20 (Mot.).

Mr. Vallejo requests reconsideration of the Court's January 15, 2026 dismissal of his complaint, in which he complains of alleged conduct by the Federal National Mortgage Association (Fannie Mae) regarding the mortgage loan for real property at 508 North California Street, Burbank, California. The Court should deny Mr. Vallejo's motion because he fails to establish the extraordinary circumstances necessary for reconsideration.

**BACKGROUND**

Mr. Vallejo's complaint alleges that Fannie Mae breached unspecified contracts, violated the Truth in Lending Act, and improperly attempted to foreclose on the property at 508 North California Street. The United States moved to dismiss on numerous grounds. ECF No. 17. First, our motion explained that all of Mr. Vallejo's claims fail because this Court lacks jurisdiction over bankruptcy matters, *id.* at 3-4; the Court lacks jurisdiction over time-barred claims, *id.* at 4-5; the Court lacks jurisdiction pursuant to 28 U.S.C. § 1500, *id.* at 5-6; and *res*

1

*judicata* bars Mr. Vallejo's claims, *id.* at 7.  We further discussed how, in addition to those overarching deficiencies, each of Mr. Vallejo's individual claims fails for other reasons as well. Regarding breach of contract, Mr. Vallejo fails to plausibly allege contract formation and thus fails to state a claim under RCFC 12(b)(6).  *Id.* at 8.  Regarding the Truth in Lending Act, Mr. Vallejo fails to establish this Court's jurisdiction over any such claim.  *Id.* at 8-9.  Finally, Mr. Vallejo's Fifth Amendment taking claim fails both for lack of jurisdiction and failure to state a claim.  *Id.* at 9-10.

The Court dismissed Mr. Vallejo's complaint and entered judgment.  ECF Nos. 18, 19. The Court concluded that "the true nature of the action is Plaintiff's disagreement with bankruptcy proceedings, and this Court does not possess jurisdiction over bankruptcy matters." ECF No. 18 at 2.  Notwithstanding Mr. Vallejo's attempt to plead jurisdiction by invoking a "contract" and a "taking," the Court found that the complaint "at its core, contests 'improper foreclosure attempts' and 'attempts to collect on the discharged debt and initiate foreclosure proceedings.'"  *Id.* (quoting complaint).  The Court further concluded that "this Complaint could also be dismissed for several other reasons including that the claims are time-barred, that the claims are barred by 28 U.S.C. § 1500, and the claims are barred by *res judicata*."  *Id.* n.2. Given these various overarching grounds for dismissal, the Court did not find it necessary to address our additional arguments regarding the individual claims alleging breach of contract, Truth in Lending Act violations, and a Fifth Amendment taking.  *Id.*

Mr. Vallejo moved for reconsideration under RCFC 59(e) and filed a notice of appeal of the Court's judgment.  ECF Nos. 20, 21.  The appeal has been deactivated pending this Court's resolution of the reconsideration motion.  *Vallejo v. United States*, No. 26-1374, ECF No. 8 (Fed. Cir. Apr. 1, 2026).

**ARGUMENT**

**I.    Standard of Review**

**A.    RCFC 59 Reconsideration**

A motion for reconsideration must be considered with "exceptional care." *Johnson v. United States*, 127 Fed. Cl. 661, 663 (2016).  A court's rulings are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure," *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 301 (1999), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000), and a reconsideration motion "is not intended to give an unhappy litigant an additional chance to sway the court," *Griffin v. United States*, 96 Fed. Cl. 1, 7 (2010).

Rather, a motion for reconsideration requires that the movant make a "showing of extraordinary circumstances which justify relief." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004); *accord Crews v. United States*, 424 F. App'x 937, 940 (Fed. Cir. 2011). Those extraordinary circumstances must be based on (1) an intervening change in the controlling law, (2) the availability of previously unavailable evidence, or (3) the need to prevent manifest injustice. *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016).  To be "manifest," any injustice must be "apparent to the point of being almost indisputable." *Lee v. United States*, 130 Fed. Cl. 243, 252 (2017), *aff'd*, 895 F.3d 1363 (Fed. Cir. 2018); *Griffin*, 96 Fed. Cl. at 7.

**B.    Pro Se Filings**

Although *pro se* plaintiffs are given more latitude in their pleadings than represented parties, a *pro se* plaintiff still must "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983).  There is no duty upon the Court to create a claim for a *pro se* plaintiff that has not been spelled out in the pleadings. *Stamps v. United States*, 73 Fed. Cl. 603, 606 (2006).

3

**II.     The Court Should Deny Mr. Vallejo's Motion**

Mr. Vallejo invokes only the "manifest injustice" ground for reconsideration, arguing that the "Court committed manifest legal error by concluding that the Complaint's 'true nature' is a challenge to bankruptcy proceedings." Mot. 2-4. Mr. Vallejo's motion falls far short of the "extraordinary circumstances" standard where an injustice is so "apparent to the point of being almost indisputable." *Caldwell*, 391 F.3d at 1235; *Lee*, 130 Fed. Cl. at 252.

As an initial matter, Mr. Vallejo does not seek reconsideration of the Court's additional conclusion that "this Complaint could also be dismissed for several other reasons including that the claims are time-barred, that the claims are barred by 28 U.S.C. § 1500, and the claims are barred by *res judicata*." ECF No. 18 at 2 n.2. The limited scope of Mr. Vallejo's motion means that this Court's judgment dismissing the complaint would remain in effect regardless of the reconsideration Mr. Vallejo requests.

In any event, Mr. Vallejo's arguments fail on their own terms.

Mr. Vallejo first argues that he "invoke[d] the Tucker Act" and alleged "independent claims for money damages founded on the Constitution [] or federal law—not a direct review of bankruptcy orders." Mot. 2-3. However, the Federal Circuit has long held that "the mere recitation of a basis for jurisdiction … is not controlling; we must look to the true nature of the action." *Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992); *see also Nat'l Ctr. for Mfg. Scis. v. United States*, 114 F.3d 196, 199 (Fed. Cir. 1997); *Pines Res. Treatment Ctr., Inc. v. United States*, 444 F.3d 1379, 1381 (Fed. Cir. 2006). As this Court correctly concluded, despite Mr. Vallejo's labels and conclusions regarding the Tucker Act and a Fifth Amendment taking, "the true nature" of his action contests "improper foreclosure attempts" and "attempts to collect on the discharged debt and initiate foreclosure proceedings." ECF No. 18 at 2. Those are

4

bankruptcy disputes at their core.  Indeed, as the Court noted, Mr. Vallejo included his filings from bankruptcy court regarding the 508 North California Street property, and the bankruptcy court has already held that it has jurisdiction over the same alleged conduct that Mr. Vallejo challenges in this action.  *Id.*

Next, Mr. Vallejo takes issue with the Court's citation to *Allustiarte v. United States*, 256 F.3d 1349 (Fed. Cir. 2001), which holds that the Court of Federal Claims lacks jurisdiction to review bankruptcy court judgments.  Mr. Vallejo contends that he is "seeking compensation independent of bankruptcy outcomes," Mot. 3, but this runs into the same problem addressed above.  The bankruptcy court already held that it has jurisdiction over Mr. Vallejo's allegations of "federal government misconduct via Fannie Mae," including the same assertions he makes here about void assignments, the Truth in Lending Act, and improper foreclosure attempts. *Vallejo v. Fed. Nat'l Mortg. Ass'n*, No. 1:23-ap-1010, ECF No. 28 (C.D. Cal. June 14, 2023), *aff'd*, No. 23-1107 (B.A.P. 9th Cir.).  And the bankruptcy court rejected those claims.  *Id.*  Thus, Mr. Vallejo fundamentally asserts a bankruptcy dispute, and his "artful attempt to style it as one for breach of contract" or Fifth Amendment taking "must fail."  *Pines*, 444 F.3d at 1381; *see also Allustiarte*, 256 F.3d at 1351-52 (no Court of Federal Claims jurisdiction over a taking claim based on actions approved by a bankruptcy court).

Finally, Mr. Vallejo argues that "foreclosing [his] ability to seek redress" in this Court will cause manifest injustice.  Mot. 3.  As discussed above, however, the Court's judgment was based on more than the single bankruptcy ground that Mr. Vallejo's motion targets (and our motion identified yet more grounds for dismissal).  ECF No. 18 at 2 n.2; *see also* ECF No. 17 at 7-10 (explaining why the breach of contract, Truth in Lending Act, and Fifth Amendment allegations should also be dismissed for claim-specific reasons).  Thus, regardless of the outcome

of this reconsideration motion, Mr. Vallejo's attempt to seek redress in this Court would still be "foreclos[ed]" because the Court simply cannot exercise jurisdiction where jurisdiction is lacking or permit an action to proceed where the plaintiff has failed to state a plausible claim for relief.

## CONCLUSION

For these reasons, we respectfully request that the Court deny Mr. Vallejo's motion for reconsideration.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

STEVEN J. GILLINGHAM
Assistant Director

/s/ Catherine M. Yang
CATHERINE M. YANG
Trial Attorney
Commercial Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-4336
Email: catherine.m.yang@usdoj.gov

April 16, 2026                                    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that, on April 16, 2026, a copy of the foregoing was served via CM/ECF on plaintiff.  Pursuant to plaintiff's E-Notification Consent Form, ECF No. 10, a separate copy has not been provided via first-class mail.

/s/ Catherine M. Yang
CATHERINE M. YANG

6